United States District Court
for the
Southern District of Florida

| Danny J. Horning, Plaintiff, | ) |
|---|---|
| | ) |
| v. | ) |
| | ) Civil Action No. 19-60899-Civ-Scola |
| | ) |
| Resolve Marine Group, Inc., | ) |
| Defendant. | ) |

**Order Denying the Parties' Joint Motion to Bifurcate the Proceedings**

Now before the Court is the parties' joint motion to bifurcate the issue of subject matter jurisdiction and incorporated memorandum of law. The parties state that the Defendant will assert a factual challenge to this Court's subject matter jurisdiction under the Jones Act, 46 U.S.C. § 30104. (ECF No. 21 at ¶ 4.) They request that, pursuant to Federal Rule of Civil Procedure 42(b), the subject matter jurisdiction issue be bifurcated from the merits so that the matter will proceed first to a jury trial on whether the Court has subject matter jurisdiction and then to a jury trial on the merits. (*Id.* at ¶ 6.) For the reasons set forth below, the Court **denies** the parties' joint motion (**ECF No. 21**).

First, the Court notes that this case is preceding solely under the Court's admiralty jurisdiction is not entitled to a jury trial on either the merits or the subject matter jurisdiction issue. *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("[A]s in all admiralty cases, there is no right to a jury trial."); *Barry v. Shell Oil Co.*, No. CIVA 13-6133, 2014 WL 775662, at *3 (E.D. La. Feb. 25, 2014) ("As Plaintiff's claims here are solely based on general maritime law and there is a lack of diversity among the parties, there is no way for Plaintiff to have a trial by jury in this Court.").

Second, factual challenges to a district court's subject matter jurisdiction often arise in federal cases, and these proceedings are very rarely or never bifurcated. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) ("Factual attacks . . . challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered"). In these cases, generally the matter is resolved on a motion to dismiss filed with accompanying affidavits, sometimes after the parties conduct limited jurisdictional discovery. *See, e.g., Morrison v. Amway Corp.*, 323 F.3d 920, 921 (11th. 2003) (resolving the factual attack to subject matter jurisdiction on a motion to dismiss); *MSP Recovery, LLC v. Allstate Ins. Co.*, 276 F. Supp. 3d 1311, 1314 (S.D. Fla. 2017) (Scola, J.) (granting the

Defendant's motion to dismiss based on a factual challenge to the Court's subject matter jurisdiction). This case does not present a unique situation that justifies the burden of having two trials.[1]

Third, in the Court's discretion, bifurcation is unnecessary and inappropriate here. As the parties have argued, it is within the Court's jurisdiction whether to bifurcate the proceedings under Rule 42(b). (ECF No. 21 at 3-4.) Whether to bifurcate the proceedings "is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345 (S.D. Fla. 2008) (Seltzer, J.). Here, the parties have not sufficiently demonstrated why bifurcation is appropriate in this case, and the Court therefore **denies** the parties' motion (**ECF No. 21**).

**Done and ordered**, in Chambers, at Miami, Florida on January 9, 2020.

Robert N. Scola, Jr.
United States District Judge

---

[1] If the parties believe that witness testimony is essential to the Court's subject matter jurisdiction determination, they may move for an evidentiary hearing on their motion to dismiss.