United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Danny J. Horning, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-60899-Civ-Scola |
| | ) |
| Resolve Marine Group, Inc., | ) |
| Defendant. | |

### **Order Denying Joint Motion for Reconsideration**

The parties Danny Horning and Resolve Marine Group, Inc. moved for reconsideration of request for a stay of this case for ninety days. (Def.'s Mot., ECF No. 27.) The parties originally argued that a continuance was necessary because "the Plaintiff has not reached maximum medical improvement for his work injury" and that the Plaintiff cannot have a medical expert examine him until after his upcoming surgery and subsequent recovery. (ECF No. 25 at ¶¶ 5, 10.) The Court denied the parties' motion because personal injury cases often proceed to trial before the plaintiffs reach "maximum medical improvement" and medical experts can testify to likely future improvements. The circumstances here are not exceptional. Now, the parties move for reconsideration arguing that "there has been a significant change of circumstances due to newly imposed restrictions as a direct result of the COVID-19 pandemic which directly impacts the parties' ability to proceed with discovery in the New Orleans, Louisiana area. (ECF No. 27 at 4.)

The Court is not unmindful of the unprecedented impact this pandemic is having on businesses and society. Indeed, the Court is empathetic with the difficulties that parties and attorneys are now facing with respect to the orderly litigation of their cases. On the other hand, there are still many aspects of litigation that can continue, remotely and while maintaining social distancing, despite the circumstances. Whether those tasks are applicable to a certain case will depend on the stage of the litigation in any given matter. In other words, the Court does not find a one-size-fits-all, blanket stay or extension of deadlines appropriate for all the cases now before it. Depending on the stage of the litigation, attorneys can still file pleadings and brief legal issues, parties can still exchange quite a bit of discovery, and parties can meet and confer, remotely, to discuss the status of the case, among other activities. There is no reason for all litigation to grind to a halt in many cases. Indeed, allowing that to happen will only exacerbate, in many cases, the detrimental effects of this crisis.

In this case, the deadline to complete all fact discovery passed on February 21, 2020, before the first case of COVID-19 was confirmed in Florida. The deadline to complete expert discovery is April 17, 2020, but the parties do not specify what aspect of expert discovery is rendered impossible due to COVID-19. Accordingly, the Court **denies** the parties' joint motion for reconsideration (**ECF No. 27**). The Court notes that it is not unmindful of some tasks that are rendered virtually impossible under the current circumstances and the Court will, of course, accommodate all reasonable requests that relate to particular deadlines in specific cases. To the extent that an extension is necessary, the parties may file a motion for an extension of time of particular deadlines specifically tailored to this case, and that allows for aspects of litigation that can continue to continue.

The parties also state that the "Plaintiff has not scheduled a date for the additional surgery at this time, [and] the Parties have been advised that elective surgeries in New Orleans are not being scheduled at this time, and likely will not be scheduled within the next thirty days given the current state of affairs in Louisiana in connection with the COVID-19 epidemic." (ECF No. 27 at 4.) Consistent with the Court's prior order (ECF No. 26), the Court does not consider a stay of this case pending the Plaintiff's surgery and recovery to be necessary or appropriate. A delay in the surgery's scheduling does not change the Court's decision. Therefore, the Court warns that this cannot be the basis of a motion for extension of time.

**Done and ordered** at Miami, Florida, on March 30, 2020.

Robert N. Scola, Jr.
United States District Judge